■ In the Matter of JOHN F. FITZSIMONS, Petitioner, v. DEPARTMENT OF STATE, Respondent.— This is a proceeding pursuant to article 78 of the CPLR to annul a determination of the Secretary of State of the State of New York, dated January 22, 1969, which suspended petitioner's real estate broker's license for 28 days, with permission to pay a $100 fine in lieu of that suspension, and which further suspended the license until such time as restitution of $1,450 would be made by petitioner to another named licensed real estate broker. Determination confirmed and proceeding dismissed on the

merits, without costs. The record contains substantial evidence that petitioner, a licensed real estate broker and an attorney, violated rule 175.8 of the Departmental Rules of the Secretary of State governing the conduct of real estate brokers and salesmen in that he negotiated the sale of certain realty with knowledge that another real estate broker had a written exclusive listing contract for the property. Rule 175.8 provides: " No real estate broker shall negotiate the sale, exchange or lease of any property directly with an owner or lessor if he knows that such owner, or lessor, has an existing written contract granting exclusive authority in connection with such property with another broker " (19 NYCRR 175.8). The Secretary of State, after a hearing of charges and upon findings, declared petitioner to be " untrustworthy " and, pursuant to section 441-c of the Real Property Law, made this determination: petitioner's license is suspended for 28 days with permission to pay a $100 fine in lieu of that suspension; additionally, his license is suspended until such time as he would make restitution of one half of his commission to the complaining broker who had held the exclusive listing contract. The regulation of this area of commerce is especially charged to the Secretary of State and the grant of power to supervise real estate brokers and salesmen is broad. Courts may not interpose their own judgments in this area where the Secretary has acted within the law and upon substantial evidence (see *Matter of Sullivan Co.*, 289 N. Y. 110; *Matter of Diona* v. *Lomenzo*, 26 A D 2d 473; *Matter of Edelstein* v. *Department of State of State of N. Y.*, 16 A D 2d 764). The *Edelstein* case specifically approves of the Secretary of State's power to impose a suspension indefinitely until reimbursement of fees is made. Christ, P. J., Martuscello and Benjamin, JJ., concur; Rabin, J., dissents and votes to annul the determination, with the following memorandum, in which Munder, J., concurs: In the determination under review, respondent found that petitioner had negotiated a sale of certain real property with knowledge that another real estate broker had an outstanding exclusive listing contract for the sale of the property. The restitution provision contained in the punishment is in effect a direction that petitioner pay one half of the commission he received to the other broker who had the alleged exclusive. In my view, respondent's determination should be annulled, because the proof adduced indicated that there was no contract made between the owners and petitioner's customer until after the exclusive agency had expired. In addition, though the hearing officer mentioned rival offers secured by the exclusive broker, he made no finding that petitioner's activities in any way prevented any customer produced by the exclusive broker from acquiring the subject property. In the absence of such finding, the direction that petitioner should pay one half of the commission he earned to the other broker is unwarranted; and the two brokers, on that subject matter, should have been left to the recourse of a plenary action. Apart from the foregoing, it appears that the sale effected by petitioner resulted from negotiations commenced prior to the granting of an exclusive brokerage to the complaining, other broker. Under all the circumstances, the suspension, fine and restitution provisions imposed by respondent were arbitrary and capricious.